UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES A. BUTLER,

    Plaintiff,

v.

WARDEN, DUKE TERRELL, BUREAU OF
PRISON, MAIL ROOM, CLERK OF
COURT, 4TH CIRCUIT, U.S. POSTAL
MASTER,

    Defendants.

Civil No. 10-16 (PAM/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"), commenced this action by filing a self-styled pleading entitled "Civil Rights Complaint Mandamus: 28 U.S.C. § 1361 To Amend Complaint or Construe as a Bivens Action for Injunction Relief." (Docket No. 1.) The case has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to § 1915A(b).

**I. BACKGROUND**

Plaintiff alleges that on July 15, 2008, he filed "a petition for rehearing <u>en banc</u>" in

---

[1] Plaintiff did not tender the statutory filing fee of $350.00 with his complaint, but he instead applied for leave to proceed <u>in forma pauperis</u>, ("IFP"). (Docket No. 2.) Plaintiff's IFP application indicates that he might be unable to afford even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Based on the limited information in the IFP application, the Court finds that Plaintiff has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

the Fourth Circuit Court of Appeals. (The complaint does not provide any information about the case in which the rehearing petition was filed.) On April 10, 2009, Plaintiff wrote to the Clerk of Court for the Fourth Circuit, and requested a status report on his petition for rehearing. Shortly thereafter, Plaintiff received a response from the Clerk, informing him that his petition for rehearing had been denied on August 11, 2008.

After Plaintiff learned that his petition for rehearing had been denied, he filed a petition for a writ of certiorari with the United States Supreme Court. On June 24, 2009, the Supreme Court denied Plaintiff's certiorari petition, because it was untimely.

At some point, Plaintiff asked the "the mail-room" at FMC-Rochester to check its "log-book" to see if there was any record of any correspondence sent to him from the Fourth Circuit Court of Appeals. No record of any such correspondence was found.

Plaintiff also wrote to the Fourth Circuit Court of Appeals, asking for additional information about the Court's ruling on his petition for rehearing. He was told (again) that the petition for rehearing was denied on August 11, 2008, and that a notice of the Court's ruling was mailed to FMC-Rochester. Plaintiff then filed a renewed petition for a writ of certiorari, and this time he informed the Supreme Court that he had not received notice of the ruling on his petition for rehearing until April 13, 2009. However, on September 29, 2009, the Supreme Court again denied Plaintiff's certiorari petition.

Plaintiff now claims that his federal constitutional rights have been violated. He contends that the "nondelivery" of the Fourth Circuit's ruling on his petition for rehearing "deprived him of meaningful access to court, in violation of the Sixth Amendment." (Complaint, p. 3, ¶ 11.) He further claims that the "failure to send mail, (4th Circuit Clerk) is a First Amendment protection, that underline right of access to court, that is an error did not

2

mail to plaintiff that deprives plaintiff meaningful access to court, or negligence by clerk." (Id., ¶ 12.)

The caption of Plaintiff's current complaint identifies the named Defendants in this case as follows: "Warden, Duke Terrell, Bureau of Prison, Mail Room, Clerk of Court, 4th Circuit, U.S. Postal Master." Plaintiff is seeking a writ of mandamus or injunction that would compel the named Defendants to "correct the error that injustice have cause plaintiff to be denied access to court and that plaintiff be allowed to proceed to file his petition for certiorari." (Id., "Relief Request," ¶ A.1).) Plaintiff further requests that "If this Mandamus can not satisfy the conditions of mandamus test, please construe it as a Bivens v. Six Unknown [Agents] of Federal Bureau of Narcotic[s], 403 US 388 (1971) (direct cause of action under the Constitution of the United States against federal officials for the violation of the federal constitution rights.)" (Id., ¶ A.2).)

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue various government agents, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the plaintiff's pleading in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner's pleading fails to state an actionable claim, or attempts to state a claim against a party that is immune from being sued, it must be summarily dismissed. 28 U.S.C. § 1915A(b).

Here, the Court finds that Plaintiff's complaint must be dismissed in its entirety, pursuant to § 1915A(b), because he has failed to state any claim on which relief can be granted. Plaintiff's principal objective in this action is to secure a court order, by mandamus or injunction, that would compel the United States Supreme Court to accept a belated petition for a writ of certiorari. Such relief, however, is clearly unavailable for at least two elemental reasons: First, the United States Supreme Court is not even a party to this action. Second, (and more important), even if the Supreme Court were a party, a federal district court obviously has no legal authority to enter any order directed to a superior court. Simply put, a district court cannot tell the Supreme Court what to do.

The Court acknowledges Plaintiff's alternative request to "construe this action" as a Bivens action, but that would not accomplish anything beneficial to Plaintiff. The only specific relief that Plaintiff has requested in this case is an order that would require the Supreme Court to accept a belated certiorari petition, and that relief cannot be granted under Bivens, (or under any other legal theory), for the two reasons listed above.

If Plaintiff is actually seeking damages or some other remedy against the named Defendants, he has failed to plead an actionable Bivens claim for such other relief, because he has not alleged any facts showing that any of the named Defendants violated his federal constitutional rights. Plaintiff apparently believes that one or more of the Defendants somehow prevented him from receiving notice of the Fourth Circuit's ruling on his petition for rehearing, and thereby prevented him from filing a timely petition for a writ of certiorari. However, there are no factual allegations showing that any of the named Defendants did anything that prevented Plaintiff from receiving notice of the Fourth Circuit's ruling. Indeed, Plaintiff's complaint indicates that one of the named Defendants, the Clerk of Court for the

4

Fourth Circuit Court of Appeals, did send a notice of the Circuit Court's ruling, and another Defendant, "Mail Room," did not receive the notice. Thus, Plaintiff's own allegations, if true, preclude his claims against those two Defendants.[2]

The complaint also fails to state any actionable Bivens claim against the Defendants identified as "Warden Duke Terrell," "Bureau of Prison," or "U.S. Postal Master." Defendant Terrell, who allegedly is the Warden at FMC-Rochester, is being sued because he allegedly "is responsible for the operation and management of the mail room" at FMC-Rochester. (Complaint, p.1, ¶ 3.) It is readily apparent that Plaintiff is attempting to sue Defendant Terrell because one of his subordinates, i.e., some unnamed mail room employee, allegedly violated Plaintiff's constitutional rights. It is well-settled, however, that the doctrine of respondeat superior is not applicable in federal civil rights actions, and prison wardens cannot be held vicariously liable for alleged constitutional misconduct by their subordinates. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). See also Buford v. Runyon, 160 F.3d 1199, 1203, n. 7 (8th Cir. 1998) ("there is no respondeat superior liability in Bivens actions; defendants are liable for their personal acts only"). Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) ("[t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability" in a civil rights action).

The "Bureau of Prison" cannot be sued in a Bivens action, because it is a federal

---

[2] Furthermore, the "Mail Room," does not appear to be a cognizable legal entity that is suable as such, and it appears that the Clerk of Court would be immune from whatever Bivens claim might be attempting to advance. See Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988) ("Clerks of court 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction'") (citations omitted).

5

agency that is immune from suit under the doctrine of sovereign immunity. See Schutterle v. United States, 74 F.3d 846, 848 (8th Cir.) (the United States and its agencies "are not proper Bivens defendants because of sovereign immunity"), cert. denied, 517 U.S. 1210 (1996); Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982) ("Bivens and its progeny do not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials"), cert. denied, 459 U.S. 1210 (1983).

Finally, Plaintiff has failed to state an actionable claim against "U.S. Postal Master," because (i) there are no factual allegations describing any specific acts or omissions by the "U.S. Postal Master," (ii) it appears that Plaintiff is attempting to sue the "U.S. Postal Master" based on the doctrine of respondeat superior, which, as explained above, is not available in a civil rights action, and (iii) there is nothing in the complaint that suggests that the "U.S. Postal Master," or any of his or her employees, deliberately violated any of Plaintiff's federal constitutional rights. See Sellers By and Through Sellers v. Baer, 28 F.3d 895, 902-03 (8th Cir. 1994) (even gross negligence on the part of federal officials "is not actionable under Bivens").

### III. CONCLUSION

For all of the reasons discussed above, the Court finds that Plaintiff's current complaint fails to state any cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and that his application for leave to proceed IFP, (see n. 1, supra), be denied. See 28 U.S.C. § 1915(e)(2)(B).

Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the

unpaid balance of the $350 filing fee.[3]  To date, he has not paid any fee at all, so he still owes the full $350 fee.  Prison officials will have to deduct that amount from Plaintiff's prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**IV. RECOMMENDATION**.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2.  This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3.  Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).


Dated: February 2, 2010          s/ *Jeanne J. Graham*
                                         JEANNE J. GRAHAM
                                         United States Magistrate Judge

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **February 17, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.